Larry G. THORNTON, Plaintiff–Appellant,

v.

U.S. DEPARTMENT OF LABOR; Alexis Herman, United States Secretary of Labor; Larry F. Yud, Chief Enforcement Officer; U.S. Department of Justice; Janet Reno, U.S. Attorney General; James Sheehan, Assistant U.S. Attorney, Chief, Civil Division; Richard Mentzinger, Assistant U.S. Attorney; Transportation Communications International Union; Robert A. Scar-delletti, President; Richard A. Johnson, President, BRCA Division; Mitchell Kraus, Attorney Defendants–Appellees.

No. 01–1042.

United States Court of Appeals, Sixth Circuit.

June 15, 2001.

Before RYAN and COLE, Circuit Judges; MARBLEY, District Judge.*

Larry G. Thornton, a Michigan resident proceeding pro se, appeals a district court judgment dismissing his civil action filed pursuant to the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§ 401—531; the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968; the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706; and state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On May 15, 2000, Thornton filed a complaint against the United States Department of Labor ("DOL"); Alexis Herman, United States Secretary of Labor; Larry F. Yud, Chief Enforcement Officer of the DOL; the United States Department of Justice ("DOJ"); Janet Reno, United States Attorney General; James Sheehan and Richard Mentzinger, Assistant United States Attorneys; the Transportation Communications International Union ("TCIU"); Robert A. Scardelletti, president of the TCIU; Richard A. Johnson, president of the Brotherhood of Railway Carmen, a division of the TCIU; and Mitchell Kraus, attorney for the TCIU.

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

Thornton, a retired Grand Trunk Western Railroad carman, alleged that from July 1992 until November 1996, he was general chairman of Joint Protective Board ("JPB") 60, which is one of the intermediate level bodies within the three-tiered TCIU organizational structure. In 1996, TCIU closed JPB 60 and merged it with JPB 200, which resulted in Thornton's loss of his position as general chairman. Following the merger, Thornton sought to run for a union office within JPB 200, but TCIU determined that he was ineligible to run. Thornton filed a complaint with the DOL, which upheld the TCIU's determination of ineligibility. Thornton was subsequently expelled from the TCIU due to an alleged misuse of union funds.

In 1994, a settlement agreement was executed between the TCIU and the DOL in connection with a Privacy Act suit regarding the improper disclosure of confidential information released by the DOL under the Freedom of Information Act. Thornton contended that the settlement agreement evidences a conspiracy between the TCIU and the DOL in violation of the RICO. Thornton sought monetary and equitable relief.

The defendants filed motions to dismiss or for summary judgment, to which Thornton responded. On November 17, 2000, the district court granted the defendants' motions for summary judgment and dismissed Thornton's complaint. Thornton's motion for reconsideration was denied on December 1, 2000. Thornton has filed a timely appeal. He requests oral argument in his reply brief. Thornton subsequently filed a "supplement to the appeal" with exhibits and an "amended appeal."

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants for the reasons set forth in the opinion filed on November 17, 2000. Accordingly, the request for oral argument is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.